## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GERVAISE CULMER, | :: | HABEAS CORPUS |
|     Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
|     v. | :: | |
| | :: | |
| DAVID FRAZIER, *Warden*, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:12-CV-0551-RWS |

## ORDER

This case is before the Court for consideration of the Final Report and Recommendation ("R&R") [17] of United States Magistrate Judge Russell G. Vineyard and the Objections thereto [20].  The Court reviews de novo the portions of the R&R to which petitioner has objected and reviews for plain error the remaining portions.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

**I.     Background**[1]

After a Fulton County jury found petitioner guilty of malice murder and theft by taking in connection with the death of Patrice Peart, the court imposed a sentence of life imprisonment for murder and a twelve-month concurrent sentence for theft by

---

[1] The Court briefly summarizes the procedural history here.  The background of the case is more fully set forth in the R&R.

taking.  <u>Culmer v. State</u>, 647 S.E.2d 30, 33 & n.1 (Ga. 2007).  Theodore Johnson

represented petitioner at trial.  [Doc. 15-1 at 119].  Petitioner filed a direct appeal,

represented by Steven E. Phillips, and the Georgia Supreme Court affirmed his

convictions on June 25, 2007.  <u>Culmer</u>, 647 S.E.2d at 32, 36.

On May 21, 2008, petitioner filed a habeas corpus petition in the Superior Court

of Washington County, which was transferred to the Superior Court of Telfair County

on March 30, 2009.  [Doc. 8-1; Doc. 8-2 at 3].  After August 3, 2010, [Doc. 13-1 at 1-

65], and September 1, 2010, [Doc. 16-17 at 1-12], evidentiary hearings, the state

habeas court entered a written order denying the petition, [Doc. 8-2].  On January 23,

2012, the Georgia Supreme Court denied petitioner a certificate of probable cause to

appeal the denial of habeas corpus relief.  [Doc. 8-3].

On February 21, 2012, petitioner timely filed this 28 U.S.C. § 2254 petition,

arguing that: (1) his trial counsel was ineffective for failing to investigate the victim's

telephone records and present exculpatory evidence; (2) both his (a) trial and

(b) appellate counsel were ineffective for failing to interview Kevin Cruse; and

(3) both his (a) trial and (b) appellate counsel were ineffective for not reviewing

evidence about the lead detective's contact information being in the victim's address

book.  [Doc. 1 at 4-5].  Respondent argues that the state court's decision rejecting

2

ground (1) and (3)(b) are entitled to deference, that the state habeas court correctly found that ground (2)(a) was procedurally defaulted because it was not raised on direct appeal, and grounds (2)(b), (3)(a), and 3(b) were procedurally defaulted because they were never raised in state court.  [Doc. 5-1 at 5-15].  Petitioner replies that the state court's rejection of ground (1) and ground (2)(a) are not entitled to deference because the court unreasonably applied the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), that ground (2)(a) is not procedurally defaulted because petitioner's failure to raise it on direct appeal was due to the ineffective assistance of appellate counsel and the state habeas court addressed the merits of the claim, and that grounds (2)(b) and (3)(a) are not procedurally defaulted because they "were made before the state habeas court."  [Doc. 9 at 8-24].

On October 2, 2012, the Magistrate Judge issued his R&R, recommending that the petition and a certificate of appealability ("COA") be denied.  [Doc. 17 at 31]. Specifically, the Magistrate Judge found that petitioner's grounds (2)(a) and (3)(a) were procedurally defaulted because he did not raise them on direct appeal, show ineffective assistance of appellate counsel to excuse the default, or allege any other cause or a fundamental miscarriage of justice to excuse the default of these grounds. [Id. at 8-9].  Next, the Magistrate Judge determined that he could not find the Georgia

3

Supreme Court's conclusion that petitioner had not shown a reasonable probability that the outcome of his trial would have been different had counsel presented evidence regarding a phone call from James Johnson to Peart's apartment "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," and thus, the state court's rejection of ground (1) was entitled to deference. [Id. at 15-22]. The Magistrate Judge then found that the state habeas court's rejection of ground (2)(b) was entitled to deference because that court's factual findings were supported by the record, and it was not unreasonable for the court to conclude that Peart may have been referring to petitioner when she told Cruse about her concerns regarding a former male friend. [Id. at 22-25]. The Magistrate Judge also concluded that petitioner failed to show prejudice as to ground (2)(b) because, even though trial counsel actually presented evidence to the jury to support the argument that Johnson was the former boyfriend who had Peart's sandals and wanted a confrontation with her, the jury still convicted petitioner. [Id. at 26-27]. Finally, the Magistrate Judge found that the state habeas court's rejection of ground (3)(b) was entitled to deference. [Id. at 27-29].

Petitioner objects that the Magistrate Judge unreasonably applied Strickland's prejudice prong to grounds (1) and (2). [Doc. 20 at 5]. Petitioner's objections largely

4

reiterate the arguments raised in his reply brief.  [Id. at 6-23].  Petitioner also requests

oral argument.  [Doc. 21].  Having reviewed the record, the Court concludes that the

Magistrate Judge did not plainly err in finding that petitioner was not entitled to habeas

relief and that oral argument is unnecessary.

**II.**     **Discussion**

     **A.**     **Trial Counsel's Failure to Investigate Peart's Telephone Records**

Petitioner maintains that Peart's telephone records show that a call from Johnson

to Peart at 10:39 p.m. on the last day Peart was seen alive was *actually answered*,

which makes the prosecution's theory that petitioner murdered Peart when she arrived

home from work factually impossible.  [Doc. 1-2, 6-11].  However, petitioner also

admits that the call in question may have "went to voice mail because the order of the

incoming call and voice-mail call sometimes gets reversed on the phone records."  [Id.

at 10, n.4].

The Georgia Supreme Court found that petitioner had not shown a reasonable

probability that the outcome of his trial would have been different had this evidence

been presented .  Culmer, 647 S.E.2d at 34-35.  The Court agrees with the Magistrate

Judge's finding that this conclusion "was [not] so lacking in justification that there was

5

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

In addition to the fact conceded by petitioner that the call may have been forwarded to voice mail, the telephone records were admitted as State's Exhibit 12 and showed the specific call in question from Johnson's home phone (770-860-8527) to Peart's home phone (404-352-8181) at 10:39 p.m. on June 7, 2001, with an entry on the record indicating the call was "answered." [Doc. 15-3 at 5-6; Doc. 16-3 at 12, 17]. Moreover, petitioner's trial counsel specifically asked Johnson about calling Peart at that time as well as five other calls to her home phone after the time of death argued by the prosecution, [Doc. 15-6 at 97-99], and counsel vigorously cross-examined Johnson about when he last spoke to Peart, even directly accusing Johnson of killing Peart. [Id. at 96-102]. In his closing argument, petitioner's trial counsel challenged the proof regarding the time of Peart's death and specifically argued that the phone records showed that Peart "received a call – six calls from [Johnson]" after the time of death argued by the prosecution. [Doc. 16-2 at 19]. The jury had the telephone records showing Johnson's call to Peart's home was "answered" at 10:39 p.m., heard argument from petitioner's counsel that the telephone records called into question the time of Peart's death, and had the opportunity to evaluate Johnson's credibility and to consider

whether he may have been the killer, yet the jury still convicted petitioner of murdering Peart.  Accordingly, the Court finds that the Georgia Supreme Court's rejection of ground (1) is entitled to deference pursuant to § 2254(d).

**B.**   **Appellate Counsel's Failure to Interview Cruse**

Petitioner next objects to the Magistrate Judge's finding that it was not unreasonable for the state habeas court to conclude that Peart may have been referring to petitioner when she told Cruse about her concerns regarding a former male friend. [Doc. 20 at 17, 19-20].  Cruse testified in petitioner's state habeas proceedings that Peart had told him that this former male friend "had recently contacted her with regards to some personal belongings of hers . . . some clothing items, I think." [Doc. 13-1 at 38].  Further, Cruse stated that "[f]or some reason, shoes or a pair of shoes [stuck] out in [his] mind."  [Id. at 38-39].  At petitioner's trial, Johnson testified that he had some sandals and a pair of blue jean shorts that Peart had left in his car and that she had asked him to return her sandals because they were her favorite pair.  [Doc. 15-5 at 56].  Cruse's habeas testimony does not clearly indicate that the former male friend about whom Peart had expressed concerns to Cruse was Johnson and not petitioner. [See Doc. 13-1 at 40; Doc. 13-13 at 9].  Even if the Court agreed with petitioner's reading of Cruse's testimony, "a state-court factual determination is not unreasonable

7

merely because the federal habeas court would have reached a different conclusion in the first instance." <u>Wood v. Allen</u>, 130 S. Ct. 841, 849 (2010).  Accordingly, the Court finds that the state habeas court's rejection of this ground is entitled to deference pursuant to § 2254(d).

Petitioner also objects to the Magistrate Judge's additional finding that "trial counsel essentially presented the evidence and arguments that petitioner contends would have led to a different outcome at his trial, yet the jury still convicted him." [Doc. 20 at 19-23].  Petitioner maintains that the jury never heard that Peart "was trying to avoid Johnson because *she feared for her physical safety*." [<u>Id.</u> at 22].

At the habeas hearing, Cruse testified that Peart had told him "that she had some concerns [regarding a former male friend] and had in the past sought some protection . . . from law enforcement" and that this former friend "had recently contacted her with regards to some personal belongings of hers and she didn't really want to deal with this individual." [Doc. 13-1 at 38].  Even though the jury did not hear this particular testimony, trial counsel did present evidence to the jury that Peart had told Cruse that a former boyfriend had a pair of her sandals but would not drop them off at her apartment building because he wanted a confrontation with her, and Johnson testified that he had Peart's sandals. [Doc. 15-3 at 57-58; Doc. 15-4 at 71-75; Doc. 15-6 at 24,

8

88].   Trial counsel also cross-examined Johnson about whether he had a violent confrontation with Peart on June 7, 2001, [Doc. 15-6 at 99-100], and he specifically accused Johnson of killing Peart and argued the same in his closing, even referring to the statement Cruse gave to the police as evidence that Johnson should have been interrogated as a suspect in Peart's death. [Id. at 100; Doc. 16-2 at 13, 20, 22].   Thus, the Court agrees with the Magistrate Judge's conclusion that petitioner failed to show prejudice.

**III.**   **Conclusion**

For the reasons set forth above, the Court **OVERRULES** the Objections [20], **DENIES** petitioner's motion or oral argument [21], **ADOPTS** the R&R as the opinion and order of the Court [17], **DENIES** the petition [1], and **DECLINES** to issue a COA.

**SO ORDERED**, this   15th   day of November, 2012.


RICHARD W. STORY
United States District Judge